IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON MORELAND AND BELINDA MORELAND,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. **3:11-CV-358-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defenses, filed March 1, 2013; Plaintiffs' and Defendant's Stipulation Regarding Affirmative Defenses, filed March 7, 2013; Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment, filed March 22, 2013; Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment, filed April 4, 2013. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants in part** and **denies in part** Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defenses.

**I.     Background**

Plaintiffs Don and Belinda Moreland ("Plaintiffs") brought this action against the Department of Veterans Affairs, pursuant to the Federal Torts Claims Act ("FTCA"), on February 22, 2011, Plaintiffs assert claims for medical malpractice arising out of the surgical and medical care of Don Moreland during and following his surgery for ulcerative colitis at the Dallas Veterans Administration Medical Center in July 2007. On May 6, 2011, Defendant United States of America ("Defendant" or "the government") filed its Answer, in which it raised twenty affirmative defenses.

On March 1, 2013, when discovery ended, Plaintiffs filed a no-evidence motion for summary judgment on four of Defendant's affirmative defenses regarding: (1) the liability of third parties; (2) superseding or intervening causes; (3) contributory negligence of Don Moreland; and (4) mitigation of damages. On March 7, 2013, both parties filed a Stipulation Regarding Affirmative Defenses, wherein the government withdrew all of its affirmative defenses, except that for mitigation of damages. Specifically, Defendant contends that Plaintiffs' motion for partial summary judgment is premature because entitlement to damages has not been proved as an initial matter and because Plaintiffs misconstrue Defendant's response of "None" to a document production request as an assertion that Defendant has "no evidence" to support mitigation of damages.[1]

## II.    Relevant Legal Standards

### A.    Motion for Summary Judgment

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift*

---

[1] This production request for documents concerning mitigation of damages was also the subject of Plaintiffs' Motion to Compel and Motion for Sanctions, filed on March 8, 2013. *See infra* note 2. This motion was referred to United States Magistrate Judge Irma Carrillo Ramirez. A hearing was conducted concerning this motion on April 2, 2013. On the same day, Magistrate Judge Ramirez denied the motion and held that the government is bound by its response of "None" to this specific request.

**Memorandum Opinion and Order - Page 2**

*Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832

(1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

    B.    **Mitigation of Damages**

Texas substantive law applies in a negligence suit brought against the federal government under the FTCA when the action giving rise to the suit took place in Texas. *See* 28 U.S.C. §§ 1346(b)(1), 2674. In Texas, the mitigation of damages doctrine requires a plaintiff to exercise reasonable care in minimizing damages. *Formosa Plastics Corp., USA v. Kajima Int'l, Inc.*, 216 S.W.3d 436, 458 (Tex. App. Corpus Christi 2006, pet. denied) (citing *Great Am. Ins. Co. v. North Austin MUD*, 908 S.W.2d 415, 426 (Tex. 1995)). The duty to mitigate arises in both contract and tort cases. *Id.* (citing *Pulaski Bank & Trust Co. v. Tex. Am. Bank*, 759 S.W.2d 723, 735 (Tex. App. Dallas 1988, writ denied). The duty, however, arises only if it can be done with trifling expense or with reasonable exertions. *Gunn Infiniti v. O'Byrne*, 996 S.W.2d 854, 857 (Tex. 1999)). "The party asserting failure to mitigate has the burden of proving facts showing lack of such mitigation and must also show the amount by which the damages were increased by failure to mitigate." *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 708 (Tex. App. Fort Worth 2006, pet. denied).

**III.   Analysis**

Because the government has since withdrawn its defenses for: 1) the liability of third parties; (2) superseding or intervening causes; and (3) contributory negligence of Don Moreland, the court will deny as moot Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defenses as to those defenses. The court now turns to the sole remaining defense for which Plaintiffs seek summary judgment: mitigation of damages.

Plaintiffs contend that they are entitled to summary judgment on the issue of mitigation of damages because the government indicated, in response to Plaintiffs' First Set of Interrogatories, that it was not going to assert the defense and because Defendant did not produce, or supplement, any documents concerning mitigation in response to Plaintiffs' document production request.[2] Plaintiffs appear to suggest that the government's responses amount to judicial admissions and, as such, they are "not only conclusive as to matters admitted, but they cannot be overcome at summary judgment by contradictory evidence." Pl.'s Mot. for Partial Summ. J. 5.  Plaintiffs therefore argue that because Defendant cannot put forth any evidence in support of its affirmative defense of mitigation of damages, the court should grant partial summary judgment in their favor on this defense. *Id.* at 5-6.

---

[2] Specifically, Plaintiffs asked in their First Set of Interrogatories to Defendant:

> If you contend that the injuries and/or damages that any Plaintiff sustained were in any way caused by or related to the acts and/or omissions of any Plaintiff, or by any acts and/or omissions that are directly or vicariously attributable to any other person, business, or entity, please state each such act or omission, identify who or what was responsible for each such act or omission, the date each such act or omission occurred, and how each such act or omission caused and/or contributed to the injuries and/or damages of each Plaintiff.

Pl.'s Mot. for Partial Summ. J. on Def.'s Affirmative Defenses Ex. 2, at 3-4.  Defendant responded: "The Agency is not making any such contention." *Id.* at 6.

Further, Plaintiffs asked in their First Request for Production to Defendant, "If you contend that any Plaintiff failed to mitigate damages in this lawsuit, please provide a true and correct copy of all documents that support such contention." Pl.'s Mot. for Partial Summ. J. on Def.'s Affirmative Defenses Ex. 3, at 3. Defendant stated in its response, "None." *Id.* at 5.

**Memorandum Opinion and Order - Page 5**

Even though Defendant listed mitigation of damages as a an affirmative defense, it now contends that the duty to mitigate damages is an equitable doctrine, not an affirmative defense and, without citing any authority, argues that summary judgment on this issue is "extremely premature." Def.'s Resp. to Pl.'s Mot. for Partial Summ. J. 3. Defendant asserts that Plaintiffs have the burden of proof at trial and must first prove liability and that in the event that they are unable to do so, the issue of damages becomes moot. *Id.* Thus, Defendant contends, "without having first proved the element of damages in their case-in-chief, Plaintiffs"put[ ] the proverbial cart before the horse." Def.'s Resp. to Pl.'s Mot. for Partial Summ. J. 3. Defendant further argues that, even if summary judgment could be granted on the issue of mitigation of damages, it would still not be proper under the circumstances because Plaintiffs misconstrue its response of not producing documents regarding mitigation of damages as an admission of "no evidence." *Id.* at 5. According to Defendant,"[e]vidence can take the form of answers to interrogatories, deposition testimony, and other information gathered in the course of discovery," and that Plaintiffs' motion does not take into account any evidence that would be introduced at trial, such as trial testimony. *Id.* at 5. Further, the government states that it disclosed and produced Plaintiff Don Moreland's medical records and that "such documents are often used to make a showing of a plaintiff's failure to mitigate damages." *Id.* at 4. The government asserts that, for the purposes of responding to a no-evidence motion for summary judgment, it is "not required to marshal all its trial evidence." *Id.* at 6. For these reasons, Defendant argues, Plaintiffs' summary judgment motion should be denied. The court disagrees.

The court first notes that its ruling herein does not turn on whether mitigation of damages is an affirmative defense, a defense, or an equitable doctrine. The court's decision turns on whether the government has raised a genuine dispute of material fact on this issue. Regardless of how

**Memorandum Opinion and Order - Page 6**

mitigation of damages is characterized, Defendant bears the burden of proof in establishing that Plaintiffs failed to mitigate their damages.

With respect to Defendant's argument that summary judgment on mitigation of damages is premature, Defendant misses the mark. This argument is specious. Defendant cites *no* authority to support its suggestion that mitigation of damages cannot be the subject of a motion for summary judgment unless plaintiff first proves liability. Defendant has asserted this defense, and it has the burden of proof on this issue at trial. Plaintiffs are entitled to know what evidence Defendant relies on in support of its defense so that they will know how to proceed with their case. Defendant is correct in asserting that the issue of damages does not arise unless Plaintiffs first establish liability. In other words, if Plaintiffs fail to establish liability, the issue of mitigation of damages becomes moot. On the other hand, if Defendant does not raise a genuine dispute of material fact with respect to its mitigation of damages defense, Defendant will not be entitled to present evidence at trial regarding this defense.

The government contends that it is not required to marshal *all* of its trial evidence to respond to Plaintiffs' motion; however, the government has not responded with *any* evidence to demonstrate a genuine dispute of material fact exists with respect to its defense of mitigation of damages. The court notes that the government attached no affidavits, declarations, interrogatories, depositions, documents, stipulations, admissions, or other materials to its response. The court agrees with the government that its admission of "none" to a *document* production request alone does not amount to an admission of "no evidence," as not all evidence upon which it may rely would necessarily take the form of documentary evidence. This issue, however, relates to Plaintiffs' Motion to Compel, which has already been resolved. The case is now at the summary judgment stage, and the

**Memorandum Opinion and Order - Page 7**

government, as the party opposing summary judgment, is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its mitigation of damages defense. *Ragas*, 136 F.3d at 458.

According to Defendant's response, it "does not concede it has no documents; rather Defendant states that it has no *unproduced* documents upon which it intends to rely." Def.'s Resp. to Pl.'s Mot. for Partial Summ. J. 5. Defendant further points out that it produced Plaintiff Don Moreland's medical records to Plaintiffs and that such documents can be used to demonstrate a plaintiff's failure to mitigate damages. Rather than attaching Plaintiff Don Moreland's medical records to its response and specifically identifying how the information in his medical records support its contention that Plaintiffs failed to mitigate damages, the government instead provides "analogies" or examples of how medical records can be used to support a mitigation of damages defense in hypothetical medical malpractice cases. If the government, as it appears to indicate, has documents in its possession upon which it intends to rely, it should have attached those documents to its response in support of its opposition to summary judgment instead of relying on analogies and examples of how such documents could hypothetically be used to support a mitigation of damages defense. That the government has already produced those documents to Plaintiffs is quite beside the point. Defendant cannot merely hint that mitigation evidence lies somewhere in the thousands of pages of medical records that are not in the record before the court; it must identify specific evidence in the record and articulate the precise manner in which that evidence supports its defense. The government has failed to do this.

With respect to Plaintiffs' contention that the government's answer to its interrogatory amounts to a judicial admission that cannot be overcome at summary judgment by contradictory

**Memorandum Opinion and Order - Page 8**

evidence, the court disagrees. This is because "interrogatory [answers] are not binding judicial admissions." *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 527 n.21 (5th Cir. 2010) (citations omitted). Thus, interrogatory answers are not like Rule 36 admissions that are conclusive to the matters admitted and "cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985) and *United States v. Kasuboski*, 834 F.2d 1345, 1350 n.7 (7th Cir. 1987)). Interrogatory responses, however, "may be used as evidence for assessing summary judgment." *Bradley*, 620 F.3d at 527 n.21 (citing Fed. R. Civ. P. 56(c)).

The court concludes that Defendant's failure to advance any Rule 56(c) proof, together with the concession in its interrogatory answer that it was not contending that Plaintiffs failed to mitigate damages, demonstrates that no genuine dispute of material fact exists as to the issue of whether Plaintiffs failed to mitigate damages. *See Bradley*, 620 F.3d at 527 ("The failure to advance any Rule 56(c) proof, together with the concession in their interrogatory response, demonstrates that no genuine issue of material fact exists as to the value of the lost contents."); *see also Celotex*, 477 U.S. at 322-23 ("[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *Weischel Farm Ltd., P'ship v. JPMorgan Chase Bank, Nat'l Ass'n*, No 3:09-CV-00672-L, 2012 WL 1033514, at *12 (N.D. Tex. Mar. 28, 2012) (holding that, where defendant raised mitigation of damages in response to plaintiff's summary judgment motion but did not submit any summary judgment evidence in support of its defense, no genuine dispute as

to any material fact existed in the absence of summary judgment evidence on plaintiff's alleged failure to mitigate). Accordingly, the court determines that Plaintiffs are entitled to judgment on this issue as a matter of law.

### IV.     Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defenses. The court **denies as moot** Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defenses with respect to Defendant's defenses of: 1) the liability of third parties; (2) superseding or intervening causes; and (3) contributory negligence of Don Moreland. The court **grants** Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defenses with respect to Defendant's defense of mitigation of damages, and Defendant will not be allowed to present evidence regarding mitigation of damages if Plaintiffs prove liability regarding their claims.

**It is so ordered** this 28th day of June, 2013.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge